**Opinion issued January 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

## NO. 01-23-00285-CR

———————————————

**BENJAMIN NGUYEN EUSTACHON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 182nd District Court**
**Harris County, Texas**
**Trial Court Case No. 1689374**

---

## MEMORANDUM OPINION

Appellant Benjamin Nguyen Eustachon pleaded guilty to the first-degree felony offense of aggregate theft in an amount greater than or equal to $300,000. *See* TEX. PENAL CODE §§ 31.03(a), (e)(7). After a pre-sentencing hearing, the trial

court signed a judgment of conviction and sentenced Appellant to eleven years[1] in the Correctional Institutions Division of the Texas Department of Criminal Justice.[2] Appellant timely filed a notice of appeal.

Appellant's appointed counsel filed a motion to withdraw, along with a supporting brief and later an amended brief, stating the record presents no reversible error and requesting permission to withdraw from her representation of Appellant. *See Anders v. California*, 386 U.S. 738 (1967). Because we find no meritorious issues after an independent review of the record, we affirm the trial court's judgment and grant counsel's motion to withdraw.

### Discussion

Counsel filed an *Anders* brief, and subsequently an amended brief, stating she has complied with all *Anders* requirements and requesting she be allowed to withdraw from her representation. Counsel states her professional opinion that after reviewing the record, no arguable grounds for reversal exist and thus any appeal of the trial court's judgment would lack merit and be frivolous. *See id.* at 744. Counsel's amended brief meets the minimum *Anders* requirements by presenting a professional evaluation of the record and explaining why, after careful review of the record, she is unable to advance any grounds of error warranting

---

[1] Appellant's sentence was reduced by the 211 days he served in county jail awaiting conviction.

[2] No fines were assessed against Appellant.

reversal. *See id.*; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.). The State waived its right to file a response[3] and Appellant did not file a pro se brief in response to counsel's original or amended *Anders* briefs.[4]

In *Anders*, the United States Supreme Court held that "the responsibility to determine whether an appeal is frivolous in nature lies with the appellate court— not with the attorney of record." *Garner v. State*, 300 S.W.3d 763, 765–66 (Tex. Crim. App. 2009). Thus, we must independently decide whether the present appeal raises any meritorious "arguable grounds" for review. *Id.* at 767. If we determine that arguable grounds for appeal exist, we must "remand the cause to the trial court so that new counsel may be appointed to brief the issues." *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005). If, on the other hand, we conclude the appeal is frivolous, we may issue an opinion affirming the trial court's judgment and explaining that, after reviewing the record, we find no reversible error. *Id.* at 826–27. The appellant may challenge that holding by filing

---

[3]    The State waived its right to file a response to the original *Anders* brief and did not file a response to the amended *Anders* brief.

[4]    Appellant's appointed counsel stated in her amended brief that she provided Appellant with a copy of counsel's motion to withdraw and of her brief; advised Appellant of his right to file a pro se response to the brief; and advised Appellant he had a right to review the trial record and to prepare his own appellate brief. In addition, appointed counsel provided Appellant with the form required to obtain a free copy of the record and the address to which the form should be mailed.

3

a petition for discretionary review with the Texas Court of Criminal Appeals. *Id.* at 827 & n.6.

After conducting an independent review of the record on appeal, we conclude there is no reversible error in the record, there are no arguable grounds for review, and the appeal is frivolous. *See Anders*, 386 U.S. at 744 (emphasizing that reviewing court—and not counsel—determines, after full examination of proceedings, whether appeal is frivolous); *Garner*, 300 S.W.3d at 767 (reviewing court must determine whether arguable grounds for review exist); *Bledsoe*, 178 S.W.3d at 827 (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).

## Conclusion

We affirm the judgment of the trial court and grant counsel's motion to withdraw.[5]   Court-appointed counsel Mandy Miller must immediately send Appellant the notice required under Texas Rule of Appellate Procedure 6.5(c) and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c).

**PER CURIAM**

Panel consists of Justices Goodman, Rivas-Molloy, and Guerra.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[5]     Appointed counsel still has a duty to inform Appellant of the result of this appeal and that he may, on his own, pursue discretionary review with the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).